UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ZHONG, *et al.*,<br><br>     Plaintiffs,<br><br>  v.<br><br>CITY OF DIAMOND BAR, *et al.*,<br><br>     Defendants. | Case No. 2:25-cv-09491-FLA (DSR)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTIONS TO DISMISS [DKTS. 30, 37]** |

Pursuant to 28 U.S.C. § 636, the court has reviewed Defendants' Motions to Dismiss (Dkt. 30 and 37), Plaintiffs' Oppositions thereto, Defendants' combined Reply, all relevant portions of the docket, and the Report and Recommendation of the United States Magistrate Judge ("Report," Dkt. 51). The court has considered Plaintiffs' April 28, 2026, Objections to the Report (Dkt. 52) and conducted a *de novo* review of those portions of the Report to which Plaintiffs objected.

The Report recommends the dismissal of Plaintiffs' Complaint with leave to amend some of their claims. Dkt. 51. Plaintiffs' objections to the Report do not merit a different result.

First, Plaintiffs object to the Report's analysis of their Fourth Amendment claim based on an allegedly unlawful search of their property. Dkt. 52 at 3–4. The Report

1

found that the claim is untimely because the search occurred in May 2023, more than two years before Plaintiffs filed this lawsuit on October 6, 2025. Dkt. 51 at 13. The Report also found that Plaintiffs were aware of the identities of the responsible actors in August 2023, also more than two years before they filed this lawsuit on October 6, 2025. *Id*. at 14–15. Plaintiffs object that Defendants "used false identities and false pretenses to gain entry" to their property. Dkt. 52 at 3. As the Report found, however, Plaintiffs were aware of the identity of the responsible actor in August 2023, when they filed their answer to a state court lawsuit identifying Defendant Gubman as the person who had searched Plaintiffs' property. Dkt. 51 at 15; *see also* Dkt. 32-4 at 5; Dkt. 32-5. Plaintiffs' objection to the Report's untimeliness analysis, therefore, is unpersuasive.

Second, Plaintiffs object that the accrual of their Fourth Amendment claim was delayed by "judicial deception." Dkt. 52 at 4–5. "[A] plaintiff bringing a judicial deception claim 'argues that [an officer] misled the magistrate judge when applying for the warrant, and had the magistrate considered all of the facts that the magistrate would not have found probable cause.'" *Chism v. Washington*, 661 F.3d 380, 386 n. 9 (9th Cir. 2011) (quoting *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011)).

A judicial-deception claim begins "accruing when the underlying affidavit became reasonably available." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1279 (9th Cir. 2017) (*per curiam*). Plaintiffs' reliance on this theory is misplaced because they allege the search of their property was "made without a judicial warrant" and was a "warrantless entry into a private residence[.]" Dkt. 1 at 11, 12. As the Report found, the alleged warrantless search occurred, and Plaintiffs were aware of the identity of the responsible actor, more than two years before Plaintiffs filed this lawsuit. Dkt. 51 at 13–15.

Third, Plaintiffs object to the Report's analysis of their civil rights claims based on the allegedly improper recording of a *lis pendens* against their property. Dkt. 52 at 5–6. The Report found that the claims were untimely because Plaintiffs were aware of

the recording of the *lis pendens* at the latest by September 6, 2023, when they filed a motion in state court to remove the *lis pendens*, more than two years before they filed this lawsuit on October 6, 2025.  Dkt. 51 at 9; *see also* Dkt. 32-6 at 1.  Plaintiffs further object that the "ongoing maintenance of the lis pendens," after it had been recorded, renders their claims timely.  Dkt. 52 at 5–6.

The court agrees with the Report that Plaintiffs' individualized claims are "not saved by the continuing violations doctrine."  Dkt. 51 at 14 (discussing *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019) (*per curiam*)).  Even if it is assumed Plaintiffs' alleged injuries from the *lis pendens* "continue to the present day, continuing effect is insufficient to constitute a continuing violation."  *See Bird*, 935 F.3d at 748 (citing *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982) ("continuing impact from past violations is not actionable")).

Fourth, Plaintiffs object to the dismissal of five Defendants, the Councilmembers for the City of Diamond Bar, as premature.  Dkt. 52 at 6–7.  The Report found the Councilmembers, who were sued in their official capacities, should be dismissed as redundant Defendants because Plaintiffs also named the City of Diamond Bar as a Defendant.  Dkt. 51 at 6.  Plaintiffs object they should be allowed to amend their claims against the Councilmembers in their individual capacities.  Dkt. 52 at 7.

The crux of Plaintiffs' proposed claims against the Councilmembers is their allegedly unlawful policymaking and alleged failure to train and supervise officers.  Dkt. 52 at 7.  The Councilmembers in their individual capacities would be entitled to absolute legislative immunity for their policymaking decisions.  *See Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) ("Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities.").  Plaintiffs' other allegations about the Councilmembers are entirely conclusory and, therefore, suggest no basis for amendment.  *See Gardner v. Martino*, 563 F.3d 981, 911 (9th Cir. 2009) (affirming denial of request for leave to amend that litigants made in objections to a Magistrate

3

Judge's Report where the litigants "did not explain how they would cure the deficiencies" in their pleading).  Accordingly, the Councilmembers are dismissed as Defendants.

Fifth, Plaintiffs object that dismissal of their claims as untimely without leave to amend is improper.  Dkt. 52 at 7.  Plaintiffs seek to amend their allegations as to the dates when their claims accrued.  *Id.*  The court agrees with the Report that "such dismissal should be without leave to amend."  Dkt. 51 at 9.  Plaintiffs "[do] not propose any new facts or legal theories for an amended complaint and therefore [give] the [c]ourt no basis to allow an amendment."  *See Gardner*, 563 F.3d at 991.

Having conducted a *de novo* review, Plaintiffs' Objections do not cause this court to alter or modify the Report.  Accordingly, the court ACCEPTS and ADOPTS the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED that: (1) the Report and Recommendation of the Magistrate Judge is ACCEPTED and ADOPTED; (2) Defendants' Motions to Dismiss are GRANTED as to Plaintiffs' claims for deprivation of equal protection and due process based on selective enforcement of the short-term rental ordinance and recordation of the *lis pendens*, for violation of the Dormant Commerce Clause, and for unreasonable search and seizure in violation of the Fourth Amendment without leave to amend; (3) Defendants' Motions to Dismiss are GRANTED as to all other claims with 30 days' leave to amend from the docketing of this Order; and (4) Defendants' deadline to file a response to a First Amended Complaint shall be 30 days after the filing date of the First Amended Complaint.

IT IS SO ORDERED.

Dated: July 6, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

4